DAVID S. RATNER, ESQ. (*pro hac vice*)
DALE B. RATNER, ESQ. (SBN 278717)
MORELLI RATNER PC
950 THIRD AVENUE, 11th FLOOR
NEW YORK, NY 10022
(212) 751-9800; FAX (212) 751-0046
*DRatner@morellilaw.com*

Attorneys for *Amicus Curiae*
MORELLI RATNER PC
950 THIRD AVENUE, 11th FLOOR
NEW YORK, NY 10022
(212) 751-9800; FAX (212) 751-0046

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| RODNEY SHIVELY, individually and on behalf of others similarly situated, | |
| | Case No. CV12-0290 EMC |
| Plaintiff, | |
| | (Related case: C11-5774 EMC) |
| v. | |
| | (MDL Case No. C12-md-2330 EMC In re Carrier IQ, Inc.) |
| CARRIER IQ, INC.; et al., | |
| Defendants | **CLASS ACTION** |
| | **MOTION FOR LEAVE TO FILE BRIEF *AMICUS CURIAE* OF MORELLI RATNER PC IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND** |
| | Removed from the Superior Court of the State of California, Santa Clara County, Case No. 111 CV 214522 |
| | Date: June 27, 2012<br>Time: 10:00 a.m.<br>Judge: Honorable Edward M. Chen |

TO THE COURT, THE PARTIES, AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE THAT**:  On Wednesday, June 27th, 2012 at 10:00 a.m. or soon thereafter as may be heard in the San Francisco Courthouse, Courtroom 5 - 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Morelli Ratner PC hereby will move this Court for leave to file a brief as *amicus curiae* in the above-captioned case in support of Plaintiffs' motion to remand. A copy of the proposed brief is appended as an exhibit to this motion.

### I.   STANDARD FOR MOTION FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE*

"District courts frequently welcome *amicus* briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the *amicus* has unique information or perspective that can help the court, beyond the help that the lawyers for the partiers are able to provide." *Sonoma Falls Developers, L.L.C. v. Nev. Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003) (quoting *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003)).  Those standards are met here.

### II.   STATEMENT OF IDENTITY AND INTEREST OF *AMICUS CURIAE*

The *amicus*, Morelli Ratner PC, is a nationally-recognized, New York-based plaintiffs' law firm.  With decades of experience representing plaintiffs in both federal and state court and representing the plaintiff Laureen Briggs in the related case of *Briggs v. Carrier IQ Inc. et al,* 3:11-cv-06338-EMC which has been assigned to the Carrier IQ Consumer Privacy Litigation, MDL Case No. C12-md-2330 EMC, and which raises identical issues of fact and law as this case, the firm has significant knowledge and experience with the subject matter addressed in this brief: whether two recent cases decided by the United States District Court for the Central District of California, *Leong v. Carrier IQ Inc. et al* and *Eckert v. Carrier IQ Inc. et al*, should guide this Court's reasoning in granting Plaintiffs' motion to remand this case to state court.

### III.   *AMICUS CURIAE'S* EXPERTISE WILL BENEFIT THE COURT

On the basis of its experience representing clients in the area of privacy law and technology and its knowledge of the same legal issues addressed in this case, legal issues which will have potentially broad ramifications on all of those California residents who seek California's state privacy law to protect them from the violations alleged herein, *amicus* meets the broad discretionary standard for filing its brief as a friend of the Court.  It should be noted that the subject matter of this brief, to *amicus'* best knowledge, has not yet been addressed as it was decided after the parties filed their

1

MOTION FOR LEAVE TO FILE BRIEF *AMICUS CURIAE*
OF MORELLI RATNER PC
Civil Case No.: 12-0290 EMC

motions, respectively in support of and in opposition to remand. This issue is therefore not duplicative of anything already presented to the Court in this case and can assist the Court in reaching its decision.

### IV.    CONCLUSION

For the foregoing reasons, Morelli Ratner PC respectfully requests this Court's leave to submit the attached brief as *amicus curiae*.


Dated: June 8, 2012

/S/
By: _____
David S. Ratner, Esq.
Morelli Ratner PC
950 Third Avenue, 11th Floor
New York, NY 10022


Attorneys for *Amicus Curiae*
Morelli Ratner PC
Morelli Ratner PC
950 Third Avenue, 11th Floor
New York, NY 10022

**SIGNATURE ATTESTATION**

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this e-filed document.

                              David S. Ratner, Esq.
                              THE LAW OFFICES OF MORELLI RATNER PC

MOTION FOR LEAVE TO FILE BRIEF *AMICUS CURIAE*
OF MORELLI RATNER PC
Civil Case No.: 12-0290 EMC

1 DAVID S. RATNER, ESQ. (*pro hac vice*)
  DALE B. RATNER, ESQ. (SBN 278717)
2 MORELLI RATNER PC
  950 THIRD AVENUE, 11th FLOOR
3 NEW YORK, NY 10022
  (212) 751-9800; FAX (212) 751-0046
4 *DRatner@morellilaw.com*

5 Attorneys for *Amicus Curiae*
  MORELLI RATNER PC
6 950 THIRD AVENUE, 11th FLOOR
  NEW YORK, NY 10022
7 (212) 751-9800; FAX (212) 751-0046

8

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

_____

| | |
|---|---|
| RODNEY SHIVELY, individually and on behalf of others similarly situated, | |
| | Case No. CV12-0290 EMC |
| Plaintiff, | |
| | (Related case: C11-5774 EMC) |
| v. | |
| | (MDL Case No. C12-md-2330 EMC In re Carrier IQ, Inc.) |
| CARRIER IQ, INC.; et al., | |
| Defendants | **CLASS ACTION** |
| | **BRIEF *AMICUS CURIAE* OF MORELLI RATNER PC IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND** |
| | Removed from the Superior Court of the State of California, Santa Clara County, Case No. 111 CV 214522 |

_____

MOTION FOR LEAVE TO FILE BRIEF *AMICUS CURIAE*
OF MORELLI RATNER PC
Civil Case No.: 12-0290 EMC

**INTERESTS OF *AMICUS CURIAE***

This brief is submitted by the law firm of Morelli Ratner PC, a firm dedicated to the protection of consumers' rights under the laws of the United States and the various States. This brief is submitted to present to the Court recent findings of law in the cases of *Leong v. Carrier IQ Inc. et al* and *Carey Eckert v. Carrier IQ Inc. et al*, identical putative class actions which, having been erroneously removed to the federal court on the basis of federal question jurisdiction, were recently remanded to state court on the grounds that the Federal Wiretap Act does not completely preempt California's Invasion of Privacy Act. Representing the plaintiff Laureen Briggs in the related case of *Briggs v. Carrier IQ Inc. et al,* 3:11-cv-06338-EMC which has been assigned to the Carrier IQ Consumer Privacy Litigation, MDL Case No. C12-md-2330 EMC, and which raises similar issues of fact and law as this case, the firm has significant knowledge and experience with the subject matter addressed in this brief. More details concerning the *amicus* are set out in the accompanying Motion for Leave to File Brief *Amicus Curiae* of Morelli Ratner PC in Support of Plaintiffs' Motion to Remand.

**INTRODUCTION**

In this case, the Court must determine whether it will follow its sister district court's lead in a pair of recent cases, both identical to the case at bar in all respects, by holding that the Federal Wiretap Act ("FWA") does not completely preempt California's Invasion of Privacy Act ("CIPA"). Relying on the statutory language and legislative history of the FWA and distinguishing the pair of cases from outlying case law, the United States Court for the Central District of California in *Leong v. Carrier IQ Inc. et al* and *Eckert v. Carrier IQ Inc. et al* ("*Leong"*) held that because the FWA did not completely preempt CIPA removal to federal court was an error and remand to state court was required. It should be noted that the subject matter of this brief, to *amicus'* best knowledge, has not yet been addressed as it was decided after the parties filed their motions, respectively in support of and in opposition to remand. This issue is therefore not duplicative of anything already presented to the Court in this case and can assist the Court in reaching its decision. Because this case arises out of the identical set of facts as that of *Leong* and because this case raises the very same issue of law as that already decided in *Leong*, this Court should decide this case in a

similar manner by determining that the FWA does not preempt the CIPA and by granting Plaintiff's motion to remand this case to state court.

## FACTS

Plaintiff Rodney Shively ("Plaintiffs"), a California resident, commenced this putative class action on his own behalf and on behalf of California residents who purchased smartphones installed with Carrier IQ's software.  Plaintiffs allege that Carrier IQ's software tracks and records personal information of smartphone users without their knowledge and permission in violation of California state privacy and consumer protection laws.  Defendant removed the case to federal court on the basis that the FWA, as amended by the Electronic Communications Privacy Act ("ECPA") of 1986, completely preempts the CIPA.  Plaintiffs now seek to remand to state court on the basis that neither explicit nor implicit complete preemption is appropriate under the circumstances.

## THE CENTRAL DISTRICT OF CALIFORNIA HAS RECENTLY DECIDED THIS ISSUE IN *LEONG*, A CASE IDENTICAL TO *SHIVELY* IN ALL RESPECTS.

1. Introduction

In *Leong v. Carrier IQ*, Judge Feess of the United States District Court for the Central District of California rejected Carrier IQ's attempt to litigate in federal court a class action concerning whether Carrier IQ's secret installation and use of software on various smartphone devices violated California law.  *Leong v. Carrier IQ*, No. CV12-01-562GAF(MRWx); CV12-01564GAF(MRWx), *Eckert v. Carrier IQ,* 2012 U.S. Dist. LEXIS 59480 (C.D. Cal. Apr. 27, 2012).  *Leong* consisted of putative consumer class actions identical to those in the instant case brought against the same Defendant, Carrier IQ, Inc. ("Carrier IQ"), which develops and maintains software that is installed on cell phones to surreptitiously record a user's keystrokes, text messages and passwords without the user's knowledge or consent.  *Id* at *1.  Plaintiffs alleged that Carrier IQ's collection of their private data violated CIPA and constituted an unlawful business practice within the meaning of California's Unfair Competition Law ("UCL").  *Id.* at *2.  Plaintiffs did not allege any federal claims.  *Id.*

2. Procedural History

In December of 2011, Plaintiffs in *Leong* initiated a class action in California state court alleging only California state law claims.  *Id.* at *4.  Defendants removed to federal court claiming

2

MOTION FOR LEAVE TO FILE BRIEF *AMICUS CURIAE*
OF MORELLI RATNER PC
Civil Case No.: 12-0290 EMC

federal question jurisdiction pursuant to 28 U.S.C. §1331 on the basis that the FWA completely preempted the CIPA claims and thus removal was warranted. *Id.* Plaintiffs now attempt to remand to state court alleging that complete preemption of California state law claims is improper. *Id.*

3. Subject Matter Jurisdiction Based on Preemption

The court noted that pursuant to the Supremacy Clause of the Constitution, federal law can only preempt and displace state law through: (1) express preemption; (2) field preemption (also known as complete preemption); and (3) conflict preemption. *Id.* at *5. Additionally, congressional intent to preempt state law must be clear, and only complete preemption confers federal question jurisdiction. *Id.* Complete preemption may be found "when the federal statutory scheme is sufficiently comprehensive to infer that Congress left no room for supplementary regulation by the states." *Id.*

4. Application

Carrier IQ cited two recent California district court cases to support its preemption argument, *Bunnell v. Motion Picture Association of America*, a Central District of California case from 2007, and *In re Google Inc. Street View Electronic Communications Litigation*, a Northern District of California case from 2011. Both of these cases held that the FWA, as amended by the ECPA in 1986, completely preempts California state law. *Id.* at *11-13. In *Bunnell,* the Central District first relied upon an express preemption theory to support its holding. The court cited a provision of the ECPA providing that the "remedies and sanctions described by this chapter" constitute "the only judicial remedies and sanctions for constitutional violations of this chapter involving such communications," to hold that the ECPA expressly preempted the CIPA. *Bunnell*, 567 F.Supp.2d, 1148, 1152 (C.D. Cal. 2007).

Judge Feess found this argument unpersuasive, stating "that provision does not even impact the question of preemption, but rather focuses on the scope of available federal remedies when a violation of the statute has been established." *Leong*, 2012 U.S. Dist. LEXIS 59480 at *11. He noted that other California courts have agreed that this particular provision does not explicitly provide for the preemption of state law or apply outside of the suppression context. *Id.* at *11 (citing *In re Google Street View Electronic Comm'ns Litig.,* 794 F. Supp. 2d at 1085 n.12 ("The legislative history supports the proposition that the provision was appended to the ECPA solely to address suppression

3

MOTION FOR LEAVE TO FILE BRIEF *AMICUS CURIAE*
OF MORELLI RATNER PC
Civil Case No.: 12-0290 EMC

of evidence by criminal defendants."); *Valentine v. NebuAd, Inc.,* 804 F. Supp. 2d 1029 (N.D. Cal. 2011); *In re Nat'l Sec. Agency Telecomm'ns Records Litig.*, 483 F. Supp. 2d 934, 939 (N.D. Cal. 2007) (this provision was "added to the ECPA for a limited purpose:  to prevent criminal defendants from suppressing evidence based on electronic communications or customer records obtained in violation of ECPA's provisions")).

Judge Feess also rejected the cases Carrier IQ replied upon, *Bunnell* and *In re Google*, in holding that complete preemption was not warranted under an implied field preemption theory.  Although *Bunnell* and *In re Google* found complete preemption on the basis of the comprehensive nature of the legislation and the creation of a private right of action where the statute has been violated, Judge Feess criticized these cases as "ignor[ing] the great weight of authority holding that one of the principal purposes of the federal statute was to establish minimum standards with which states must comply." *Leung,* 2012 U.S. Dist LEXIS 59480 at *12 (citations omitted).  Additionally, he observed that these two cases were a "marked departure" from the preemption analysis of California federal and state courts since the FWA was enacted over forty years ago.  *Id.* at *12-13.  Accordingly, the Central District held that the FWA does not completely preempt the CIPA and granted Plaintiffs' motions for remand.  *Id.* at *13.

**THE COURT SHOULD FOLLOW THE *LEONG* DECISION AND REMAND PLAINTIFFS' CASE.**

1. The Defendant And Claims Alleged Are Identical

Like in *Leong*, the Plaintiffs in *Shively* are bringing an action against the same defendant, Carrier IQ, for identical reasons.  Both cases involve similarly situated Plaintiffs bringing putative consumer class actions against Carrier IQ alleging that Carrier IQ's collection of a user's private data violated California's Invasion of Privacy Act and constituted an unlawful business practice within the meaning of California's Unfair Competition Law.  Moreover, in both cases Plaintiffs allege violations of only California law.

Furthermore and similar to *Leong*, in *Shively* Carrier IQ alleges an identical defense, that removal was proper pursuant to 28 U.S.C. §1331 because the FWA completely preempts California law in the text of the statute or implicitly does so via a comprehensive scheme of regulation.  Moreover, in both

4

MOTION FOR LEAVE TO FILE BRIEF *AMICUS CURIAE*
OF MORELLI RATNER PC
Civil Case No.: 12-0290 EMC

cases Carrier IQ heavily relies upon *Bunnell* and *In re Google* as the main support for their arguments.

2. <u>Judge Feess' Reasoning Is Supported By Recent Northern District Precedent</u>

In *Leong*, Judge Feess cited post-*Bunnell* precedent from the Northern District of California in holding that the FWA did not preempt California state law. In *Valentine v. NebuAd, Inc.,* the Northern District criticized *Bunnell* and reached the contrary conclusion that the FWA does not completely preempt California state privacy laws. 804 F.Supp. 2d 1022 (N.D. Cal. 2011). In doing so, the court called *Bunnell*'s logic for finding express preemption "unconvincing" because the relied upon passage[1] from the ECPA does not explicitly provide for the preemption of state law, which is the bar that must be met before express preemption may be found." *Id.* at 1029.

Additionally, the *Valentine* court attacked *Bunnell's* finding of implied field preemption, stating that "the mere fact that a federal scheme is comprehensive is insufficient for a finding of field preemption, which 'arises only in extraordinary' situations." *Id.* Instead, the court was far more persuaded by a line of precedent from the Supreme Court of California holding that the ECPA did not preempt California state law. *See People v. Conklin*, 12 Cal. 3d 259, 272 (1974) ("Having found no intent by Congress to occupy the entire field involving the interception of communications nor any conflict between title III and section 631 that would require the latter to yield under the supremacy clause," held that California "is free to enforce the proscription of section 631."); *Kearney v. Salomon Smith Barney, Inc.,* 39 Cal. 4th 95 (2006) (This court did not observe "any developments in the almost four decades since Conklin that would warrant…reconsideration….").

In *Leong,* Judge Feess' willingness to rely upon *Valentine*, *Conklin* and *Kearney,* none of which are binding precedent, rather than *Bunnell*, a case decided in his own district, is a strong indication that *Bunnell* represented a misguided departure from forty years of precedent holding that the FWA does not preempt California state law. Because *Shively* presents similar parties alleging identical state law claims, none of which give rise to federal jurisdiction under 28 U.S.C. §1331, against the same defendant, Carrier IQ, this Court should be inclined to follow the Central District's decision in

---

[1] The quoted passage in question provides that "The remedies and sanctions described in this chapter with respect to the interception of electronic communications are the only judicial remedies and sanctions for nonconstitutional violations of this chapter involving such communications." 18 U.S.C. §2518(10)(c).

*Leong* and hold that complete preemption is improper. For these reasons, this case should be remanded to state court.

## CONCLUSION

Based on the foregoing discussion, the Court should be persuaded by the United States Court for the Central District of California's rationale in *Leong* and *Eckert* and determine that the Federal Wiretap Act does not preempt California's Invasion of Privacy Act. For this reason, the Court should grant Plaintiffs' motion to remand the case to state court, where it can be properly litigated and decided.

Dated: June 8, 2012

/S/

By: _____

David S. Ratner, Esq.
Morelli Ratner PC
950 Third Avenue, 11th Floor
New York, NY 10022


Attorneys for *Amicus Curiae*
Morelli Ratner PC
Morelli Ratner PC
950 Third Avenue, 11th Floor
New York, NY 10022

**SIGNATURE ATTESTATION**

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this e-filed document.

                                        David S. Ratner, Esq.
                                        THE LAW OFFICES OF MORELLI RATNER PC